**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-03507-MEH

RENT-RITE SUPERKEGS WEST LTD, as Chapter 11 Debtor-in-Possession for the Estate of Rent-Rite SuperKegs West,
YOSEMITE MANAGEMENT, LLC, a Colorado limited liability company, and
THOMAS S. WRIGHT,

    Plaintiffs,

v.

WORLD BUSINESS LENDERS, LLC,

    Defendant.

## SCHEDULING ORDER

Rent-Rite SuperKegs West Ltd., as Chapter 11 Debtor-in-Possession for the estate of Rent-Rite SuperKegs West Ltd ("Rent-Rite"), Yosemite Management, LLC, ("Yosemite Management"), and Thomas S. Wright ("Wright') (collectively, the "Plaintiffs'), along with World Business Lenders, LLC (the "Defendant") (all collectively the "Parties"), hereby submit this Proposed Scheduling Order.

**1. Date of Conference and Appearances of Counsel and Pro Se Parties**

The pre-scheduling conference was held on January 22, 2020 at 1:30 pm mountain time, by teleconference. Patrick Vellone and Lance Henry of Allen Vellone Wolf Helfrich & Factor P.C., 1600 Stout Street, Suite 1100, Denver, Colorado 80202, (303) 534-4499 appeared on behalf Plaintiff Rent-Rite SuperKegs West LTD. Jeffrey Brinen of Kutner Brinen, P.C., 1660 Lincoln Street, Suite 1850, Denver, Colorado 80264, (303) 832-2400, appeared on behalf of Plaintiff Yosemite Management, LLC. Phillip Jones of William, Turner & Holmes, P.C., 744 Horizon Court, Suite 115, Grand

1

Junction, Colorado 81506, (970) 242-6262, appeared on behalf of Defendant World Business Lenders, LLC.

## 2. Statement of Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, *laws*, or treaties of the United States," and pursuant to 28 U.S.C. § 1334, which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising in or related to cases under title 11," given that the Plaintiff bring claims pursuant to the following federal statutes: 11 U.S.C. 544, 548, 550, and 551.

This Court also has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a)(1) given that the amount in controversy exceeds $75,000 and the Plaintiffs are citizens of different states than the Defendant. The Plaintiffs are all residents of Colorado and the Defendant is a resident of New York, and none of the members of the Defendant limited liability company are residents of Colorado.

## 3. Statement of Claims and Defenses

The claims of Plaintiffs are based upon a fraudulent loan transaction made in favor of a non-party and involving the grant of a lien against Property having significant value, and for which no consideration was offered in exchange.

**A.     Plaintiffs**

<u>Plaintiff Rent-Rite</u>.  Rent-Rite asserts the following claims:

(1) Avoidance of Fraudulent Transfers pursuant to 11 U.S.C. § 544;

(2) Avoidance of Fraudulent Transfers pursuant to C.R.S. § 38-8-105 and 106;

(3) Avoidance under 11 U.S.C. § 548; and

(4) Recovery of Avoidable Transfers pursuant to 11 U.S.C. §§ 550 and 551.

<u>Plaintiff Yosemite Management, LLC</u>.  Yosemite Management asserts one claim for relief for Avoidance of Fraudulent Transfers pursuant to C.R.S. § 38-8-105 and 106.

<u>Plaintiff Thomas S. Wright</u>.  Mr. Wright asserts one claim for relief for Avoidance of Fraudulent Transfers pursuant to C.R.S. § 38-8-105 and 106.

**B.     Defendant**

Defendant, World Business Lenders, LLC (WBL) denies the transfer of any interest in the Property from Yosemite Management to or for the benefit of WBL was a fraudulent transfer and did not reduce Yosemite Management's assets and that Yosemite Management received a benefit in exchange for any such transfer.

Defendant, WBL, further denies any such transfer is voidable by Rent-Rite under 11 U.S.C. 550, 544, 548, 551 or 38-8-105 and 106.

Defendant, WBL, has raised as affirmative defenses any claims by the Plaintiffs against WBL are barred by the doctrine of res judicata and collateral estoppel. Further that any such claims have been waived.

### 4.  Undisputed Facts

1.     Rent-Rite is a Colorado limited liability company with its principal place of business in Aurora, Colorado.

2.     Rent-Rite is currently the debtor-in-possession in bankruptcy case number 17-21236-TBM, pending before the United States Bankruptcy Court for the District of Colorado.

3.     Yosemite Management is a Colorado limited liability company with its principal place of business in Aurora, Colorado.

4. Yosemite Management is the predecessor-in-interest to the real property now owned by Rent-Rite.

5. Yosemite Management is a guarantor on the loan documents.

6. Mr. Wright is a resident of the State of Colorado.

7. Mr. Wright is the 100% owner/member of both Rent-Rite and Yosemite Management.

8. World Business Lenders ("WBL") is a New York limited liability company with its principal place of business in Jersey City, New Jersey.

9. On or around April 19, 2016, the Business and Promissory Note and Security Agreement was executed in the principal amount of $550,000.00 ("Note").

10. The Note was between CMS Facilities Maintenance, Inc. as Borrower and the Bank of Lake Mills as Lender.

11. On June 13, 2016, Bank of Lake Mills formally assigned the Note and Deed of Trust to WBL.

12. Bank of Lake Mills is an FDIC insured, Wisconsin state-chartered bank.

13. WBL is not a national or state-chartered bank.

14. The Note is secured by a Deed of Trust on the Property.

15. Neither Yosemite Management, Rent-Rite, nor Mr. Wright executed the Note.

16. CMS Facilities made substantial payments under the loan, paying approximately $641,000 through approximately January 2017, at which time CMS Facilities defaulted.

17.  As a result of the default, on or around March 28, 2017, WBL filed a Complaint against Borrower and the Guarantors, seeking foreclosure upon the Property (the "Litigation").  The action was filed in Arapahoe County District Court, Case No. 2017CV30714.

18.  At the time the Litigation was commenced, according to the WBL Complaint filed, the amount due under the WBL Note was "the sum of $283,811.01 on the principal; interest through February 1, 2017 in the amount of $29,401.93; NSF fees of $1,575.00; prepayment penalty of $4,264.03; plus accrued interest therein from February 1, 2017."

19.  Rent-Rite's Schedules of Assets and Liabilities in its Bankruptcy listed $5,156,660.77 in assets and $4,175,034.98 in liabilities.

20.   On February 26, 2018, WBL filed a Proof of Claim that stated the amount due and owing was $658,652.95.  The Proof of Claim further identified the annual interest rate of 120.86%.

21.  Based upon the 120.86% rate, the amount due and owing at present is over $1 million, which amount continues to accrue.

22.  In the course of Rent-Rite's bankruptcy, the Property was sold for purposes of paying lien holders according to their priority.  As the amount of WBL's claim is in dispute, a significant part of the proceeds from the sale of the Property have been placed in escrow.

### 5. Plaintiffs' Computation of Damages

Damages, in the form of the value of the lien granted to the Defendant by Yosemite Management, i.e. the fraudulent transfer, is estimated to be at least $1.75 million. Damages in the form of usurious and unlawful interest paid or to be paid by

Thomas Wright or Rent-Rite is estimated to exceed $1 million.

### 6. Report of Preconference Discovery and Meeting Under Rule 26(f)

A. Date of Rule 26(f) meeting: January 22, 2020

B. *See* Section 1, *supra*, for the name of each participant in the Rule 26(f) meeting

C. In accordance with FED. R. CIV. P. 26(a)(1)(C), Rule 26(a)(1) disclosures will be made within fourteen days of the Rule 26(f) meeting, which will be February 28, 2020.

D. No changes in the timing or requirements under Rule 26(a)(1) are requested.

E. The Parties anticipate the us of a unified exhibit numbering system to reduce discovery and other litigation costs.

F. The Parties anticipate that a significant portion of the evidence will involve electronically stored information (ESI) and propose the following protocols for the exchange of such information:

All ESI production shall include image files, native files, and OCR text recognition ("ESI Production"). ESI Production exchanges will be made through external hard drive media or through a secured shareable download link. Root directories of Media will contain ESI Production in the form of images, native files, unless withheld for privilege, and document level text files. Files will be saved to customary Image / Native / Text formatted folders. A fourth directory, will be Data, will contain load files. Load files provided will include: (1) Production Keys (BegDoc, EndDoc, BegAtt, EndAtt or their equivalents); (2) Attachment reference files; (3) Metadata load files; (4) Opticon files; and (5) Text Relative Path file reference.

Files will be in the following format: (1) Image files will be prepared for commonly exchanged email and file formats (pst, msg, eml), attachments, tif, pdf, and word processing files; (2) Spreadsheet files (xls, xlsx, xlsm) will be provided in native format only. Spreadsheets will be treated as exceptions with a "See Native File" placeholder referencing the endorsed file name; (3) Audio and video provided in native format; (4) Exceptions other than spreadsheets may also be provided with an image placeholder. Text shall be extractable for all native files containing text. For Metadata fields: (1) Native file should link by way of Native Relative Path field in load file; (2) Loadfile fields should accompany images, as well as include and reference native files and contain at minimum the following fields: BegDoc; EndDoc; BegAtt; EndAtt; Native Relative Path; File Name; Author; Email subject; Email SentTime (Date and time, UTC); Date Modified (Date and time, UTC); File Type Description; Extension; Page Count; Native size; Email Sender; Email To; Email CC; Email Bcc; and OCR Relative Path; (3) Email and attachments to emails should be linked.

G.   The Parties believe that there is a possibility of resolving or settling the case after initial discovery is completed and request that a settlement conference with Magistrate Judge Hegarty be scheduled accordingly.

### 7. Consent

All parties have consented to the exercise of jurisdiction of Magistrate Judge Hegarty.

## 8. Discovery Limitations

A. The Parties consent to no more than ten depositions and no more than twenty-five interrogatories as provided by Rule 30(d)(1) and 33(a)(1) respectively.

B. The Parties consent to depositions being no more in length than seven hours, as provided by Rule 30(d)(1).

C. The Parties consent to twenty requests for the production of documents and twenty requests for admission.

D. Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov.  See Fed. R. Civ. P. 16, cmt. 2015 Amendment.

## 9. Case Plan and Schedule

A. The deadline for joinder of parties and the amendment of pleadings shall be March 29, 2020.

B. The discovery cutoff shall be August 15, 2020.

C. The deadline for the filing of dispositive motions shall be October 13, 2020.

D. Expert Witness Disclosure.

      i.      the anticipated fields of expert testimony are (1) real estate valuation; (2) banking; (3) financial fraud; and (4) the quantification of damages.

      ii.      The Parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Rule 26(a)(2) on or before June 15, 2020.

      iii.      The Parties shall designate all rebuttal experts and provide opposing counsel any pro se party with all information specified in Rule 26(a)(2) on or before July 15, 2020.

E.    Identification of persons to be deposed by the Plaintiffs: (1) World Business Lenders, LLC pursuant to Rule 30(b)(6); (2) Darrell Hornbacher; (3) John BeeBee; (4) Craig Heber; (5) Angele Hebee; (6) Judy Purcell; (7)–(10) those other persons identified in the course of discovery.

F.    Identification of persons to be deposed by the Defendant: (1) Rent-Rite Superkegs West, LTD pursuant to Rule 30(b)(6); Yosemite Management, LLC pursuant to Rule 30(b)(6), Thomas S. Wright and such other persons identified in the course of discovery.

G.    The Parties consent to serve all interrogatories on opposing counsel or a pro se party at least thirty days prior to the discovery cutoff date.

H.    The Parties consent to serve all request for the production of documents and requests for admissions on opposing counsel or a pro se party at least thirty days prior to the discovery cutoff date.

### 10. Dates for Further Conferences

A.     Status conferences will be held in this case at the following dates and times: As needed.

B.     A final pre-trial conference will be held in this case: On December 14, 2020 at 10:45 o'clock a.m. A final pre-trial order shall be prepared by the Parties and submitted to the Court no later than seven days before the final pre-trial conference.

### 11. Other Scheduling Matters

A.     Despite a good faith effort, the Parties have been able to reach agreement on all issues set forth in this scheduling order.

B.     The trial will be one to a jury and the anticipate length of trial is five days.

### 12. Notice to Counsel and Pro Se Parties

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. Amendments to the Scheduling Order

this Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 12th day of February, 2020.

BY THE COURT:


 S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

Approved by:

| | |
|---|---|
| /s/*Jennifer E. Schlatter*<br>Patrick D. Vellone, Bar No. 15284<br>Jennifer E. Schlatter, Bar No. 30626<br>Allen Vellone Wolf Helfrich & Factor P.C.<br>1600 Stout Street, Suite 1100<br>Denver, Colorado 80202<br>(303) 534-4499<br>pvellone@allen-vellone.com<br>jschlatter@allen-vellone.com<br><br>*Attorneys For Plaintiffs Rent-Rite SuperKegs West LTD* | /s/*Philip J. Jones*<br>Phillip J. Jones, Bar No. 20536<br>Williams, Turner & Holmes, P.C.<br>744 Horizon Court, Suite 115<br>Grand Junction, Colorado 81506<br>(970) 242-6262<br>pjones@wth-law.com<br><br>*Attorneys for World Business Lenders, LLC* |
| /s/*Jeffrey Brinen*<br>Jeffrey Brinen<br>KUTNER BRINEN, P.C.<br>1660 Lincoln St. Suite 1850<br>Denver, CO 80264<br>(303) 832-2400<br>jsb@kutnerlaw.com<br><br>*Attorneys For Yosemite Management, LLC* | /s/*Thomas S. Wright*<br>Thomas S. Wright<br>1400 Yosemite Street<br>Aurora, Colorado 80220<br>twright@twges.com<br><br>*Pro se litigant* |